HANLON, JUDGE:
On June 23, 1985, claimant Nancy C. Duty was travelling in claimant Donald E. Duty's 1982 Honda Prelude, on Route 2, in Jackson County. The vehicle encountered loose gravel. Claimant Nancy Duty lost control of the vehicle on loose gravel present at the accident site. Claimant's now seek $50,000.00 for damage to the vehicle and for personal injuries received by Nancy Duty.
Claimant Nancy C. Duty testified that she had driven to Huntington on Friday evening preceding the accident to visit her daughter. She was returning to Parkersburg on the following Sunday. She left Huntington at approximately 7:30 a.m. Her speed was approximately 50 miles per hour. The weather was clear and dry. She regularly operates the Honda Prelude and considers it to be "her car," although the vehicle is titled in claimant Donald E. Duty's name. She observed a "Tar" sign tossed to the side of the road about a mile to a mile and one-half before the vehicle struck the gravel. The vehicle then swerved to the right, proceeded to the opposite side of the road, hit an embankment, and turned over. As a result of the accident, she sustained a broken vertebrate and crushed or compressed vertebras. She is a registered nurse and, as a result of this accident, she lost six weeks of work without pay. Her rate of pay was $7.15 per hour. She still experiences back discomfort.
Claimant Donald E. Duty testified that he drove from Parkersburg to the accident site on the morning of this incident. He felt that the road was "slippery," but he did not attribute the status of the road to gravel until he was informed of same. He had owned the Prelude for only three months. He paid $6,000.00 for it. In addition, he traded in a vehicle worth $1,000.00 to $2,000.00. The accident vehicle was beyond repair. He sold the damaged vehicle for $500.00.
Raymond Daniel Bush, who has a residence near the accident scene, assisted Mrs. Duty after the incident. Her vehicle came to rest across from his home. He testified that respondent had performed work on the roadway on the Saturday prior to this incident. He described the gravel on the road as being "pea gravel." "... they put tar and I call it pea gravel from just north of Millwood to the intersection of Mt. Alto on Saturday." This is about a four-mile stretch. After claimant's accident, Mr. Bush travelled this stretch of Route 2 on his way to church. He described the surface of Route 2 as follows: "I would explain it if you threw a bunch of marbles on the floor *212 and stepped on them, you're going to scoot, aren't you?" He also stated, "There was a 40-miIe-an-hour speed limit sign, I would say, halfway between the end of my driveway and where her car stopped going south on 2, and coming north on 2 there is a 40 mile an hour speed limit sign what, 150 yards beyond the intersection, something like that."
Employees of respondent also testified. Harry Robert Miller, Jr. stated that respondent worked on Route 2 on June 22, 1985. Surface treating was performed. There was a slight amount of excess gravel left on the road, but had brooms were utilized to remove the excess gravel before respondent's crew departed. He stated that the speed limit through the area of the accident was 40 mile per hour on June 23, 1985. Claude Blake, Chief Investigator for respondent, visited the site on July 8, 1987. He stated that there was a 40 mile per hour speed limit prior to the intersection, and a 55 mile per hour speed limit beyond the location of Mrs. Duty's accident. Mr. Blake could not personally confirm that these speed limit signs were present at the time of this accident.
The record reveals that gravel was removed from this area of Route 2 prior to the day of Nancy Duty's accident. The Court is of the opinion that the speed of the vehicle was the proximate cause of the accident and the resulting injuries to Nancy Duty. The Court is of the opinion to, and accordingly must, deny this claim.
Claim disallowed.
Judge Gracey did not participate in the hearing or decision of this claim.